Lanzinger, J.,
dissenting.
{¶ 29} Robert L. Smith Jr. was charged with a first-degree misdemeanor offense of violating a protection order. R.C. 2919.27(A)(2) provides, “No person shall recklessly violate the terms of * * * a protection order issued pursuant to section * * * 2903.214 of the Revised Code.” The elements that the state must prove beyond a reasonable doubt are that on April 17, 2011, in Franklin County, Smith recklessly violated a civil protection order issued under R.C. 2903.214. Proof of service or delivery is not needed for a conviction.
{¶ 30} The majority focuses on the technical service that is to take place after the order is issued. R.C. 2903.214(F)(1) states:
*7 Ron O’Brien, Franklin County Prosecuting Attorney, and Sheryl L. Prichard, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.
The court shall cause the delivery of a copy of any protection order that is issued under this section to the petitioner, to the respondent, and to all law enforcement agencies that have jurisdiction to enforce the order. The court shall direct that a copy of the order be delivered to the respondent on the same day that the order is entered.
{¶ 31} I disagree that this provision means that the crime of violating a protection order may not be charged unless a defendant has first been served with the order itself. The order has independent force, even apart from service. R.C. 2903.214(E)(2)(a) states that the protection order’s validity dates from its issuance.
{¶ 32} One may not be charged with the crime of violating a protection order under R.C. 2919.27(A) unless that order is “issued,” but the statute is silent about delivery or service. That is not to say that service may not be relevant in a specific case. Service may indeed be relevant in determining whether there was proof beyond a reasonable doubt that the defendant acted recklessly. The state must prove a mens rea of recklessness — whether a defendant had knowledge of the order’s existence and yet disregarded it. Without evidence of a defendant’s knowledge of the order, a jury cannot find that a defendant acted with disregard of a known risk. See R.C. 2901.22(C) (defining “recklessly”).
{¶ 33} Here, however, Pickens gave testimony that, if believed, proved that she told Smith she had obtained an order and told him what it said. He ignored the protection order to stay away from Pickens and thereby violated it.
{¶ 34} I respectfully dissent and would hold that service of the protection order on the defendant is not an element of the crime of violating a protection order as defined in R.C. 2919.27(A). I would affirm the judgment of the Tenth District Court of Appeals.
O’Connor, C.J., and French, J., concur in the foregoing opinion.